UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL ERICKSEN,

        Plaintiff,

                                      CASE NO. 15-CV-10088

v.                                      HONORABLE GEORGE CARAM STEEH

J. DOE #1, et al.,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 27)

This federal civil rights lawsuit arose out of plaintiff Daniel Ericksen's claim that a search during a routine border stop at the international border crossing between the United States and Canada, which led to his arrest on misdemeanor drug charges, violated his constitutional rights. On July 1, 2015, this court granted defendants' motion to dismiss. Now before the court is plaintiff's motion to alter/amend judgment which this court has construed as a motion for reconsideration. Under Local Rule 7.1(h)(3), the court:

> will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*Id.* Plaintiff has failed to meet his burden here.

In essence, plaintiff argues that the court failed to accept as true some of the allegations of the complaint, and did not sufficiently discuss the legal theories put forth in

his response. The court finds his contentions to be without merit. The court accepted as true plaintiff's allegation that he was a turnaround motorist who had not crossed the border, but found that the border search exception nevertheless applied to him because he presented at an international border crossing, albeit by mistake. Plaintiff's argument that the court was required to accept as true his allegation that customs agents' requirement that turnaround motorists stop at an inspection booth is "unconstitutional" is incorrect, as the court is not required to accept as true allegations amounting to legal conclusions, only factual allegations. Plaintiff also complains that this court did not accept as true his allegation that customs agents stop turnaround motorists to verify citizenship or uncover evidence of general crimes which he alleges is an impermissible purpose. While the court did not explicitly discuss this allegation in its opinion, accepting these allegations as true would not alter the court's conclusion that the border search at issue here was constitutionally permissible, and that defendants are entitled to qualified immunity.

The court next considers plaintiff's complaint that the court failed to account for certain decisions by the Courts of Appeals and his request that the court more thoroughly discuss the case law cited in his response brief as reiterated in his motion for reconsideration. While the court's written opinion may not have specifically discussed each of the points raised in plaintiff's fifty-page response brief in great detail, the court carefully considered each of the arguments made and found them to be without merit. In addition, plaintiff's counsel presented his arguments orally at the hearing on defendants' motion to dismiss, and the court took all of his arguments into account in rendering its decision. The court is not required to delineate every reason for the decisions that it makes. The

Supreme Court has noted that judges have wide discretion in whether to respond specifically or not to arguments made by the parties:

> The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances. Sometimes a judicial opinion responds to every argument; sometimes it does not; sometimes a judge simply writes the word "granted" or "denied" on the face of a motion while relying upon context and the parties' prior arguments to make the reasons clear. The law leaves much, in this respect, to the judge's own professional judgment.

*Rita v. United States*, 551 U.S. 338, 356 (2007) (addressing the adequacy of district court explanations in sentencing proceedings). In this case, the court considered and found plaintiff's argument and precedent to be insufficient to defeat defendants' motion to dismiss. Having failed to show a palpable defect by which the court and the parties have been misled, or that correcting the defect will result in a different disposition of the case, plaintiff's motion for reconsideration is DENIED.

**IT IS SO ORDERED**.

Dated: July 23, 2015

                                                s/George Caram Steeh
                                                GEORGE CARAM STEEH
                                                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 23, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk