UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL ERICKSEN,

        Plaintiff,

        v.

CASE NO. 15-CV-10088
HONORABLE GEORGE CARAM STEEH

J. DOE #1, et al.,
        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (Doc. 29)**

This federal civil rights lawsuit arose out of plaintiff's claim that a search during a routine stop at an international border crossing, which led to his arrest on misdemeanor drug charges, violated his constitutional rights. On July 1, 2015, this court granted defendants' motion to dismiss. Now before the court is plaintiff's motion for a protective order to seal all documents or to redact his name from all court documents. Plaintiff argues sealing the record is appropriate because he pled guilty to the state misdemeanor drug charges under the Holmes Youthful Trainee Act ("HYTA"), and as long as he complies with the requirements of HYTA, all proceedings regarding that criminal charge shall be "closed to public inspection." Mich. Comp. Laws § 762.14(4). Thus, plaintiff argues his identity in this federal civil rights action should be concealed in order to further HYTA's objective of shielding young adults from the stigma of criminal records for immature acts. The government opposes sealing the record on the grounds that plaintiff has not provided a compelling reason that outweighs the strong presumption of the public's right to access court records. The court's inherent power to seal court documents is subject to the "long

-1-

established legal tradition" of open access to court documents.  *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177 (6th Cir. 1983).  Court records should be sealed only in exceptional cases where compelling reasons exist.  *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983).  Similarly, requests for anonymity in a lawsuit should be granted sparingly only in exceptional circumstances.  *See Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).

District courts have broad discretion in determining whether to grant a protective order to protect a plaintiff's anonymity.  Some of the factors for the court to consider are (1) whether the plaintiff seeking anonymity is suing to challenge government activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy," (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal conviction; and (4) whether the plaintiff is a child.  *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).  Plaintiff can satisfy only the first consideration.  This suit did not involve the sort of sensitive and highly private information which courts have found deserving of anonymity such as birth control, abortion, homosexuality, or religious beliefs capable of subjecting plaintiffs to considerable harassment.  *See Porter*, 370 F.3d at 560-61; *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffee*, 599 F.2d 707, 712-13 (5th Cir. 1979).  Unlike cases where courts have allowed for plaintiffs to remain anonymous, plaintiff here did not put himself in jeopardy of any hostile public reaction from those opposing his viewpoint.  *See Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).  In addition, plaintiff did not risk criminal conviction by bringing this lawsuit nor disclose any intention to violate the law, as plaintiff had already presented at the border crossing as a turn-around motorist and criminal

proceedings had already commenced against him which were not dependant on any disclosures made in this lawsuit. Finally, plaintiff is 19 years old and courts have generally only granted protection to very young children. *Porter*, 370 F.3d at 561. Under the four factors identified by the Sixth Circuit in *Porter*, and considering the record as a whole, this is not the sort of case deserving of an exception from the general rule that court proceedings should remain open and the identity of parties should not be concealed.

  Plaintiff argues that the ability of future employers to learn of his misdemeanor drug conviction, which but for this lawsuit would not be a matter of public record, constitutes the extraordinary circumstances necessary to justify a departure from the general rule that court documents remain open to the public. Plaintiff forfeited his ability to keep secret his actions at the international border, however, when he sued United States Customs and Border Patrol agents in their individual capacities alleging violations of his constitutional rights. Plaintiff has not shown a compelling reason for this court to deviate from the requirement of Federal Rule of Civil Procedure 10(a) that parties sue in their own names.

  In his reply, plaintiff argues that because none of the defendants are named in the dismissal order, redacting his name from the case caption and the first sentence of the court's opinion, which are the only two places he is identified by name in that order, would be consistent with the court's treatment of the defendants, and would not hinder a reader from understanding the import of that decision. Although the court did not name the defendants in its dismissal order, four of the defendants are specifically named on the court's docket sheet as well as in the parties' motion papers, and their names are readily available to the general public. Thus, affording plaintiff the anonymity that he seeks would not be consistent with the public nature of the defendants' identities which have come to

light only by virtue of this lawsuit. Finally, the fact that the public could understand the court's dismissal order even if plaintiff is allowed to sue under a fictitious name is not dispositive, as the same argument could be made in virtually every case. The purpose of requiring parties to identify themselves by name is not merely to further the public's understanding of judicial decisions, but simply to comport with the First Amendment's interest in ensuring that the entirety of court proceedings remain public property. *See Craig v. Harney*, 331 U.S. 367, 374 (1947).

Having found that plaintiff has failed to show compelling reasons to deviate from the long-standing tradition of open access to court documents, plaintiff's motion for a protective order (Doc. 29) is DENIED.

**IT IS SO ORDERED**.

Dated: September 1, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 1, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk